```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF FLORIDA
                       Ft. Lauderdale Division
```

**SEAPOWER, INC.**

    Plaintiff,

v.

**TONBO IMAGING PTE LTD,**

    Defendant.
_____/

## COMPLAINT

Plaintiff Seapower, Inc. sues Defendant Tonbo Imaging PTE LTD for breach of contract.

### Parties, Jurisdiction & Venue

1. Plaintiff Seapower, Inc. is a Virginia corporation with its principal place of business in Broward County, Florida.

2. Defendant Tonbo Imaging PTE LTD is a Singaporean business entity based in Singapore. It conducted business routinely in Broward County, Florida, including having multiple Florida-based employees and Florida-based management (senior management, namely Jagrut Patel and Sumeet Suri were based in Broward). Its sole Florida office was, at all material times, in Broward County, Florida. It was never authorized to do business in Florida and never had a registered agent in Florida. Service of process can be made by serving the Florida Secretary of State. *See* Section 48.161 of the Florida Statutes.

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 (diversity) because there is complete diversity between the parties and because the amount in controversy is in excess of $75,000.00.

4. Venue is proper in Broward County, Florida, because the location of the parties' business relationship was Tonbo's office in Broward County, Florida. The money owed to the Plaintiff was owed here in Broward County, Florida. Defendant's obligations under the contract were due to be performed here in Broward County, Florida.

**FACTS**

5. On or about May 1, 2018, Plaintiff's owner Vishal Kamal begin working for non-party Tonbo Imaging, Inc. based in Broward County, Florida. His pay was $120,000 annually. Kamal was paid and treated as an independent contractor. Tonbo Imaging, Inc. was a wholly owned subsidiary of the Defendant.

6. At some point around June 1, 2019, Kamal was advised that non-party Tonbo Imaging, Inc. was closing and was to be replaced by non-party Pixels on Target, LLC. The two companies share the same office space, employees, ownership, products, etc. This switch of corporate structure was undertaken with fraudulent intent because the Defendant and non-party Tonbo Imaging, Inc. was violating federal statutes concerning international technology transfers.

7. On July 1, 2019, the parties entered into the attached consultancy agreement. *See* Exhibit A. The new agreement was forced upon the Plaintiff as punishment for reporting the law violations to the CEO of Defendant Tonbo. Ironically, it was Defendant Tonbo's CEO who requested that Kamal investigate and report back to him various financial and legal issues at the company. When the CEO heard what Kamal had to say, the new agreement was entered into.

8. The consultancy agreement memorialized the terms and conditions of the parties' relationship. Althoughd termed a "consultancy agreement," the Plaintiff was actually performing international sales for the Defendant.

9. The new agreement lowered Plaintiff's compensation to $100,000.00 annually.

10. On October 19, 2019, Plaintiff was terminated via email "back-dating" his termination to October 1, 2019. *See* Exhibit B. Plaintiff nevertheless performed services for the Defendant from October 1 through October 19, 2019.[1] Defendant simply chose – without any contractual or legal authority – to not compensate the Plaintiff for those 19 days worked.

---

[1] Plaintiff's owner Vishal Kamal may have a claim under the Fair Labor Standards Act for the 19 days he worked without compensation to the extent the consultancy agreement did not properly create an independent contractor relationship.

11. Plaintiff was not given any notice of termination and certainly not the 30 day notice required by the contract. Plaintiffs should have been paid through November 19, 2019 – 30 days after the termination notice.

12. Plaintiff is owed $16,666.67 in unpaid compensation for the months of October and November 2019.

13. Plaintiff is also owed $180,000 in unpaid but vested commissions.  This is 2% of $9M in sales completed prior to termination.  (This includes sales to SDLE in Spain and Koflar Night Systems in Denmark).

14. Plaintiff is also likely owed an additional 2% of sales in the range $2M-$5M that closed shortly after termination but that were made by the Plaintiff.  Additional discovery will be needed to determine this amount.

15. Plaintiff is also owed $1,600 in unpaid reimbursements for phone bills.

16. All conditions precedent, if any, have been satisfied or waived.

17. Plaintiff has retained counsel and is obligated to pay a fee.

### COUNT I – BREACH OF CONTRACT

18. Plaintiff incorporates paragraph 1 – 17.

19. The Parties had a contract. *See* Exhibit A.

20. Defendant breached the contract when it:

    a. Failed to pay the Plaintiff for services rendered for October 1, 2019 through October 1, 2019, and

    b. Failed to give the Plaintiff 30 days notice of termination.

21. Plaintiff fully performed under the contract.

22. Plaintiff has been damaged:

    a. $16,666.67 in unpaid monthly compensation.

    b. $180,000.00 in unpaid but vested commissions.

    c. An undetermined additional amount of commissions.

    d. $1,600 in unreimbursed expenses.

## COUNT II – UNJUST ENRICHMENT

23. Plaintiff incorporates paragraph 1 – 17.

24. This count is pled in the alternative to Count I.

25. Plaintiff performed services to and for the Defendant.

26. The Defendant has benefitted from these services, specifically sales of military hardware.

27. Defendant has benefited to the tune of several millions of dollars in defense equipment sales.

28. Plaintiff is the reason the Defendant obtained this benefit.

29. Defendant has been enriched by the services of the Plaintiff, but it is unjust for the Defendant to obtain these benefits without properly compensating the Plaintiff.

30. Under the circumstances, it would be unfair and unjust to not compensate the Plaintiff accordingly.

31. Plaintiff has been damaged:

   a. $16,666.67 in unpaid monthly compensation.

   b. $180,000.00 in unpaid but vested commissions.

   c. An undetermined additional amount of commissions.

   d. $1,600 in unreimbursed expenses.

### Jury Trial Demand

Plaintiff demands trial by jury on all counts so triable.

### Prayer for Relief

Plaintiff prayers that final judgment is entered on his behalf and against the Defendant in the amounts identified above. Plaintiff requests a judgment for fees and costs.

Respectfully submitted,

 /s/ Matthew Sarelson
Florida Bar 888281
**MATTHEW SETH SARELSON, P.A.**
Attorneys for Plaintiff
2100 Ponce de Leon, Suite 1290
Coral Gables, Florida 33134
305.773.1952
msarelson@sarelson.com