UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 20-61342-CIV-MORENO

SEAPOWER, INC,

    Plaintiff,

vs.

TONBO IMAGING PTE LTD,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

THIS CAUSE came before the Court upon Defendant's Motion for Judgment on the Pleadings **(D.E. 40)**, filed on **August 18, 2021**. THE COURT has considered the motion, the Plaintiff's Response in Opposition, Defendant's Reply to the Response, pertinent portions of the record, and being otherwise fully advised in the premises, it is **ADJUDGED** that the motion is **DENIED**.

**I.  Introduction**

Seapower, Inc. filed this breach of contract action against Tonbo Imaging PTE LTD in July 2020. Tonbo Imaging PTE LTD moved to dismiss for lack of personal jurisdiction, improper venue, and insufficient service of process. The Court granted the motion without prejudice on service of process grounds, permitting Seapower to re-attempt service, and leaving jurisdiction and venue to be addressed later. Seapower then properly served Tonbo Imaging PTE LTD in March 2021.

After, Tonbo Imaging PTE LTD again moved to dismiss for lack of personal jurisdiction and improper venue. The Court held a hearing, denied the motion as to venue, and denied the

motion to as to personal jurisdiction, with leave to amend following the completion of limited jurisdictional discovery. The parties deposed the following individuals: Arvind Lakshmikumar, the CEO of Tonbo Imaging PTE LTD, Vishal Kamal, the President of Seapower, and Jagrut Patel and Sumeet Suri, who were both directors at Tonbo Imaging, Inc. and Kamal's supervisors. After the discovery was completed, Tonbo Imaging PTE LTD moved for judgment on the pleadings for lack of personal jurisdiction. That motion is denied for the reasons explained below.

## II. Factual Background

The facts here are construed in a light most favorable to Seapower, the non-movant. *See Gen. Cigar Holdings, Inc. v. Altadis, S.A.*, 205 F. Supp. 2d 1335, 1340 (S.D. Fla. 2012).

In May 2018, Vishal Kamal began working for Tonbo Imaging, Inc., a United States-company, in his personal capacity. Tonbo Imaging, Inc. is a wholly owned subsidiary of Tonbo Imaging, PTE LTD, the Singaporean entity that is the defendant in this suit. For the sake of clarity, the Singaporean parent company is referred to as Tonbo Singapore, and the U.S.-based subsidiary is referred to as Tonbo USA. Tonbo Singapore builds technology for "electropix surveillance and security," and Tonbo Singapore set up Tonbo USA to explore selling these systems to U.S. customers.

Kamal's contract with Tonbo USA was titled "Agreement for Consultancy Services." The contract did not give much detail about Kamal's responsibilities to Tonbo Singapore, but the parties agree that Kamal functioned as a salesperson. Tonbo USA's office was located in Broward County, Florida. Kamal says that, throughout his employment with Tonbo USA, employees from both Tonbo USA and Singapore used the office.

In July 2019, the CEO of Tonbo Singapore, named Arvind Lakshmikumar, texted Kamal that he was going to "move [Kamal's] employment to [Tonbo Singapore]." Lakshmikumar then traveled to Florida to meet with Kamal and other employees at the Broward office. There, Lakshmikumar informed the employees that Tonbo USA would be winding down its business. According to Kamal, the employees of Tonbo USA and Tonbo Singapore in Broward had their contracts changed to a new company, called Pixels on Target, LLC. Kamal, however, was not transferred to Pixels, and signed a new contract with Tonbo Singapore instead—this time on behalf of his business entity, Seapower.

After the transition to Tonbo Singapore, not much changed for Kamal. He was doing the same work, at the same location, with the same desk, company email, title, and responsibilities, with largely the same contractual terms. Kamal adds that his immediate supervisors remained Jagrut Patel and Sumeet Suri. And he was still required to report to the Broward location for work each day. Employees of Tonbo Singapore, including Lakshmikumar, continued to use the Broward office.

Additionally, after the transition, Tonbo Singapore paid Kamal for monies owed to him by Tonbo USA. Tonbo Singapore rendered payment personally to Kamal's account in Broward. After that, because the contract was formally between Tonbo Singapore and Seapower, Tonbo Singapore rendered payment to Seapower in Broward.

In October 2019, Lakshmikumar emailed Kamal to inform him that his contract with Tonbo Singapore was being terminated. The termination letter alleged that Kamal had accessed and photographed sensitive materials, including trade secrets and other intellectual property located at the Broward office, which he intended to offer to competitors for a higher salary. Two days later, Kamal received a cease-and-desist letter from a law firm that had been retained by

Pixels on Target, alleging that he'd stolen trade secrets and intellectual property from the Pixels office in Broward. The parties do not say how the issue of the intellectual property was resolved.

Seapower filed this breach of contract action, alleging that it is owed unpaid compensation, commission, and reimbursements, under the contract with Tonbo Singapore.

### III. Legal Standard

The plaintiff carries the initial burden to plead sufficient facts for personal jurisdiction. *Miller v. Gizmodo Media Grp., LLC*, 383 F. Supp. 3d 1365, 1370–71 (S.D. Fla. 2019). The defendant may then rebut jurisdiction, relying on materials like affidavits, testimony, and other documents. *Id.* If the defendant is successful, the burden then shifts back to the plaintiff to provide evidence supporting jurisdiction. *Gen. Cigar Holdings, Inc., S.A.*, 205 F. Supp. 2d at 1340.

In considering the supporting materials, the court must construe all reasonable inferences in favor of the plaintiff. *Id.* Indeed, because both parties rely on material outside the pleadings, the motion is treated as one for summary judgment under Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(d). Factual assertions must be supported by citations to record materials, and the court need only consider the cited materials. Fed. R. Civ. P. 56(c)(1)(A), (c)(3).

### IV. Analysis

A federal court sitting in diversity follows a two-step test to determine whether personal jurisdiction exists. First, the exercise of jurisdiction must comport with the relevant state's long-arm statute. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). Second, it must not violate the Due Process Clause of the Fourteenth Amendment. *Id.*

4

### A. Florida's Long-Arm Statute

Under Florida's long-arm statute, a person subjects themselves to Florida's courts if they breach a contract in the state by failing to perform acts required by contract to be performed in the state. Fla. Stat. § 48.193(1)(a)(7). This means that there must be a duty to perform in Florida—a duty to tender performance to a Florida resident is not sufficient by itself. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1218 (11th Cir. 1999). Relevant here, Florida courts have repeatedly held that when the contract is silent on the place of payment, "it is presumed to be the place of residence of the payee." *Glob. Satellite Commc'n Co. v. Sudline*, 849 So. 2d 466, 468 (Fla. Dist. Ct. App. 2003). This presumption is sufficient to satisfy Florida's longarm statute. *Id.*

As a result, Florida's longarm statute is satisfied in this case. Seapower's residence is Florida because its principal place of business is in Florida. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Payment was thus due in Florida, *Glob. Satellite Commc'n Co.*, 849 So. 2d at 468, and Tonbo Singapore is alleged to have breached the contract by failing to tender that payment.[1] That leaves only the question of whether jurisdiction over Tonbo Singapore would offend due process.

### B. Personal Jurisdiction

There are two types of personal jurisdiction: general and specific. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 n. 3 (11th Cir. 2006). This suit is predicated on specific personal jurisdiction, which "arises out of a party's activities in the forum that are related to the cause of action." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291

---

[1] Tonbo Singapore's argument—that it was not required to tender payment in Florida because the contract did not explicitly say so—misses the mark. With the presumption that payment must be tendered in the payee's state of residence (here, Florida), it is immaterial that the contract did not expressly require payment in Florida.

5

(11th Cir. 2000). We thus apply the three-part due process test, which asks: (1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (citations omitted).

### 1.  Seapower's claim and Tonbo Singapore's contacts with Florida

Under the first step, Seapower's claim must arise out of or relate to at least one of Tonbo Singapore's contacts with Florida. *See id.* at 1355-56. This step focuses on the "direct causal relationship between" Tonbgo Singapore, Florida, and this suit. *Id.* (simplified).

Seapower alleges that Tonbo Singapore contracted with Seapower, which maintains its principal place of business in Florida. Under Florida law, payment was to be tendered in Florida, *see Glob. Satellite Commc'n Co.*, 849 So. 2d at 468, and when Tonbo Singapore did tender payment, it did so in Florida. It is this contract that is the subject of Seapower's breach of contract claim. Seapower's claim thus arises out of at least one of Tonbo Singapore's contact with Florida: contracting with and rendering payment to a Florida entity. *See Sinclair & Wilde, Ltd. v. TWA Int'l, Inc.*, 2020 WL 1929262, at *3 (S.D. Fla. Apr. 21, 2020) (prong 1 satisfied where nonresident defendant contracted with plaintiff and performance was in part due in Florida).

### 2.  Purposeful Availment

Under step two, often referred to as the "purposeful availment" test, the court must assess Tonbo Singapore's contacts with Florida and ask whether those contacts: (1) are related to

6

Seapower's cause of action; (2) involve some act by which Tonbo Singapore purposefully availed itself of the privileges of doing business in Florida; and (3) are such that Tonbgo Singapore should reasonably anticipate being haled into court here. *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1357. In short, we isolate the contacts between Tonbo Singapore and Florida and ask whether, individually or collectively, those contacts satisfy the three requirements. *Id.*

The Eleventh Circuit follows what it calls a "highly realistic approach" when searching a contractual relationship for minimum contacts—one that focuses on the "substance of the transaction: prior negotiations, contemplated future consequences, the terms of the contract, and the actual course of dealing." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1268 (11th Cir. 2010) (quoting *Burger King Corp. v. Rudzewicz*, 105 S. Ct. 2174, 2185 (1985)). Importantly, the focus must remain be on the non-resident defendant's conduct, that is, "whether the defendant deliberately engaged in significant activities within a state or created continuing obligations with residents of the forum." *Id.* Jurisdiction must not be premised on contacts that are random, fortuitous, or attenuated. *Id.*

Generally, contracting with a forum resident who performs there is insufficient for minimum contacts. *Id.* (citing *Borg–Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, 786 F.2d 1055, 1063 (11th Cir.1986)). Yet jurisdiction may be found where there are additional contacts or "plus factors." *Id.* Examples of plus factors are the defendant's initiating the contractual relationship, visiting the plaintiff's worksite for business purposes, establishing a relationship through multiple transactions, requiring performance in the forum, and negotiating the contract telephonically with the plaintiff. *Id.* at 1268-69 (collecting cases). At bottom, the goal is ensuring that the defendant deliberately affiliated with the forum. *Id.* at 1269.

In this case, we have—at least—a defendant that contracted with a plaintiff-forum resident. Tonbo Singapore entered into a contract for consulting services with Seapower, a company with its principal place of business in Florida. While this fact by itself would not be enough to subject Tonbo Singapore to personal jurisdiction, there are several plus factors that counsel in favor of jurisdiction.

First, Tonbo Singapore required that Kamal work out of the Broward office even after Tonbo USA was dissolved.[2] Second, Lakshmikumar physically visited Florida to meet with employees, including Kamal, to discuss Tonbo's operations. Third, Tonbo Singapore and Kamal negotiated the contract, at least in part, in Florida. Fourth, Tonbo Singapore repeatedly rendered payment to Seapower in Florida. All of these are plus factors under the demonstrative list in *Diamond Crystal Brands, Inc.*, 593 F.3d at 1268-69. And they all evidence that Tonbo Singapore "deliberately affiliated" with Florida. *Id.* at 1269.[3]

All in all, Tonbo Singapore had multiple contacts with Florida related to this suit, in which it deliberately reached into Florida, availing itself of the privilege of doing business in Florida, such that it shouldn't be surprised to be litigating here. *See Elfus v. Impact Sports Basketball LLC*, 2019 WL 330862, at *3 (S.D. Fla. Jan. 25, 2019) (purposeful availment found

---

[2] Relying in part on this contact to support jurisdiction might at first appear to contravene the "well-established proposition[]" that "the forum resident's unilateral acts can[not] establish sufficient minimum contacts." *Diamond Crystal Brands, Inc.*, 593 F.3d at 1268. The focus here, however, is not on Kamal's actual using of the Broward office, but rather Tonbo Singapore's requiring that he use the Broward office. *See id.* at 1269 (explaining that "requiring performance in the forum" is a "plus factor").

[3] Tonbo Singapore denies that it has deliberately affiliated with Florida, and the crux of its argument is that the contract with Seapower was for sales in the Middle East. It insists that litigation in Florida regarding a contract to conduct international sales was not foreseeable. Were the contract with Seapower the only alleged contact, this argument might be persuasive. But as detailed above, Tonbo Singapore had multiple other contacts with Florida. So the purposeful availment prong is still satisfied notwithstanding the fact that the goal of the contract was to obtain sales in the Middle East.

where defendant had meetings in and placed phone calls to Florida related to contract negotiations). The purposeful availment prong is satisfied.

### 3. Traditional notions of fair play and substantial justice

Next, the Court must decide whether exercising personal jurisdiction over Tonbo Singapore would offend traditional notions of fair play and substantial justice. *Posner*, 178 F.3d at 1221. "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp.*, 105 S. Ct. at 2184-85. Factors to consider are "'the burden on the defendant,' 'the forum State's interest in adjudicating the dispute,' 'the plaintiff's interest in obtaining convenient and effective relief,' 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and the 'shared interest of the several States in furthering fundamental substantive social policies.'" *Id.* at 2184 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 100 S. Ct. 559, 564 (1980)).

On this score, Tongo Singapore has presented no argument. *See Diamond Crystal Brands, Inc.*, 593 F.3d at 1274 (finding that jurisdiction comports with traditional notions of fair play and substantial justice where foreign defendant did not attempt to explain why litigating in the forum state would be too onerous). And given that Tonbo Singapore has conducted business in south Florida for over a year, it is not unreasonable that it would have to litigate here. *See Sapa Precision Tubing Rockledge, LLC v. Tex-Mmex Recycling, LLC*, 2016 WL 3917491, at *6 (M.D. Fla. July 20, 2016) (reaching the same conclusion when the foreign defendant did "not give th[e] issue more than a passing mention in its motion"); *see also Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 114 (1987) ("When minimum contacts have been

established, often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant."); *Diamond Crystal Brands, Inc.*, 593 F.3d at 1274 (explaining that a state has a "manifest interest in providing an effective means of redress" when a non-resident breaches a contract with a forum resident by failing to make payments required to made in the forum).

## V. Conclusion

Because the requirements for exercising personal jurisdiction over Tonbo Singapore are satisfied, its motion for judgment on the pleadings for lack of personal jurisdiction is **DENIED**.[4]

DONE AND ORDERED in Chambers at Miami, Florida, this 4th of November 2021.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[4] Because Tonbo Singapore by itself has sufficient contacts with Florida to satisfy personal jurisdiction in this case, its arguments that personal jurisdiction cannot be established through its subsidiary, Tonbo USA, or successor liability through Pixels on Target, are not relevant.

For the same reason, Seapower's requested alternative relief—that the case be transferred to the Eastern District of Virginia—needn't be addressed.